IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF POJOAQUE,
POJOAQUE PUEBLO GAMING
COMMISSION, and POJOAQUE
GAMING, INC.,

        Plaintiffs,

v.                                                          CV 21-0373 MV/JHR

HONORABLE MATTHEW J. WILSON,
District Judge, and HENRY MARTINEZ,

        Defendants.

## ORDER TERMINATING PLAINTIFFS' MOTION TO WAIVE INITIAL SCHEDULING ORDER REQUIREMENTS AS MOOT

THIS MATTER comes before the Court on Plaintiffs' Motion to Waive Initial Scheduling Order (Doc. 7) Requirements [Doc. 8], filed June 14, 2021. Upon review of the briefing and authorities, the Court terminates the Motion as moot.

### I.    BACKGROUND

Henry Martinez initially filed a person injury suit in New Mexico's First Judicial District Court against Cities of Gold Casino, Pueblo of Pojoaque, Pojoaque Pueblo Gaming Commission, and Pojoaque Gaming Inc., with New Mexico State District Judge Matthew J. Wilson presiding. [Doc. 1, pp. 1-2; *see* Doc. 1, Exhibit ("Ex.") 2].

In this case, Pueblo of Pojoaque, Pojoaque Pueblo Gaming Commission, and Pojoaque Gaming Inc. filed a Complaint for Declaratory Judgment in the federal court on April 23, 2021, seeking a declaration that claims for personal injury arising within Indian Country must be filed in tribal court. [Doc. 1]. Martinez answered on May 14, 2021, and Wilson answered on May 19,

1

2021. [Docs. 5, 6]. The Court then entered an initial scheduling order on May 20, 2021, setting a Rule 16 initial scheduling conference for July 28, 2021. [Doc. 7].

Plaintiffs filed the current Motion on June 14, 2021, asking the Court to "waive the requirements set forth in its Initial Scheduling Order (Doc. 7), filed May 20, 2021" and to "simply set this matter for a scheduling conference to set a deadline for Plaintiffs' submission of a summary judgment motion." [Doc. 8, pp. 1-2]. Wilson does not oppose. [*See id.*, p. 1]. Martinez filed a response in opposition on June 30, 2021, arguing that discovery is necessary to resolve a factual issue whether Martinez "was engaging in Class III Gaming when he slipped and fell on a plastic bag that was left on the gaming floor by employees and/or agents of Defendants while they were performing maintenance/repairs on a slot machine." [Doc. 10, pp. 1-2]. After Martinez' response, the Court vacated the initial scheduling conference and associated deadlines subject to resetting after the resolution of the Motion. [Doc. 11]. Plaintiffs replied on July 1, 2021, completing briefing. [Docs. 13, 16].

Prior to Plaintiffs' reply, Martinez filed a Motion to Dismiss for Mootness, or in the Alternative [sic], to Stay Proceedings Pending Trial Court Litigation. [Doc. 12]. Briefing on this motion was complete on July 14, 2021 [Doc. 23].

**II.     ANALYSIS**

In light of the dispositive nature of the motion to dismiss or stay, the pendency of Martinez' motion to dismiss or stay is good cause to delay the renewed entry of an initial scheduling order. Fed. R. Civ. P. 16(b)(2). Currently, all relief requested in Plaintiffs' motion has been provided except for "set[ting] a deadline for Plaintiffs' submission of a summary judgment motion." [*See* Doc. 8, p. 2]. Setting of a deadline for a dispositive motion is not a precondition of such a motion and so its absence presents no barrier to Plaintiffs. *See* Fed. R. Civ. P. 56(b);

2

D.N.M.LR-Civ. 56.1(a) (Civil rules define last days to file for summary judgment but do not impose a start date.).

### III. CONCLUSION

Because there is no initial scheduling conference currently set and no scheduling barrier to filing dispositive motions, Plaintiffs' Motion to Waive Initial Scheduling Order … Requirements [Doc. 8] is terminated as moot.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE